1902.) Proceedings by the people of the state of New York, on the relation of John J. O'Sullivan, against Ernst J. Lederle. A. S. Gilbert, for appellant. T. Connoly, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. PINE, Appellant, v. MARTIN, Respondent. (Supreme Court, Appellate Division, Third Department. July 8, 1902.) Proceedings by the people of the state of New York, on the relation of Thomas A. Pine, against Josiah Martin. No opinion. Judgment unanimously affirmed, with costs.

PEOPLE ex rel. RUSSELL v. WOODBURY. (Supreme Court, Appellate Division, First Department. June 20, 1902.) Proceedings by the people of the state of New York, on the relation of George W. Russell, against John M. Woodbury, as commissioner, etc. M. Conlon, for relator. T. Connoly, for respondent. No opinion. Writ dismissed, and proceedings affirmed, with costs.

PEOPLE ex rel. SCHUMM, Appellant, v. LINDENTHAL, Respondent. (Supreme Court, Appellate Division, First Department. June 20, 1902.) Proceedings by the people of the state of New York, on the relation of John Schumm, against Gustave Lindenthal, as commissioner, etc. S. F. Fairfield, for appellant. T. Connoly, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. STEINSON v. HAMILTON. (Supreme Court, Appellate Division, First Department. June 13, 1902.) Action by the people of the state of New York, on the relation of George Steinson, against Thomas L. Hamilton. No opinion. Motion granted.

PEOPLE ex rel. STEINSON v. HAMILTON. (Supreme Court, Appellate Division, First Department. June 20, 1902.) Proceedings by the people of the state of New York, on the relation of George Steinson, against Thomas L. Hamilton. No opinion. Motion denied.

PEOPLE ex rel. WADDY, Respondent, v. PARTRIDGE, Police Com'r, Appellant. (Supreme Court, Appellate Division, Second Department. June 16, 1902.) Action by the people of the state of New York, on the relation of Phebe A. Waddy, against John N. Partridge, police commissioner of the city of New York. James McKeen (W. S. Brewster, on the
77 N.Y.S.—72

brief), for appellant. Charles K. Terry, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

GOODRICH, P. J. (dissenting). George A. Waddy became a member of the police force of the city of Brooklyn in January, 1851, and continued therein in various positions down to April 1, 1882, when he was retired on half pay. At the time of his retirement he was inspector. He died on June 7, 1882, leaving a widow, the relator. In August, 1889, she applied to the board of police and excise of the city of Brooklyn for a pension, under title 11 of chapter 583, Laws of 1888, and the board granted her a pension, which was paid up to January, 1902, when the appellant, the police commissioner of the city of New York and trustee of the police pension fund, "ordered the revocation of the said pension, on the ground that said revocation was made mandatory by reason of the fact that at the time the pension was awarded this deponent, August 1, 1889, there was no provision in the city of Brooklyn police pension laws for the widows of deceased pensioners of the force." The petition alleges that Mr. Waddy, at the time of his death, was a member of the police force, and this is denied by Mr. Ebstein, deputy police commissioner of the borough of Brooklyn, who in the return alleges that Mr. Waddy "was retired and dismissed from membership in the police force of the city of Brooklyn, and placed upon the pension roll, on or about April 1, 1882, and that at that time there was but one inspector of police in the city of Brooklyn, and that upon the retirement of the said George A. Waddy as inspector William J. McKelvey was subsequently appointed to, and did, fill the place made vacant by the retirement of the said George A. Waddy"; that by the custom and practice of the police department retired officers were not held to be subject to the rules and regulations of the department, but returned their shields, and had no official power of arrest, and ceased to be members of the force. The denial of membership is a legal conclusion, but the other allegations must be taken as true. The court ordered a peremptory writ of mandamus, requiring the commissioner to pay the relator the pension granted to her on August 1, 1889, and the commissioner appeals. The underlying question is whether Mr. Waddy at the time of his death was a member of the police force. The charter of the city of Brooklyn (chapter 583, Laws 1888) was in force when the pension was granted. Section 42 of title 11 provided that the commissioner shall have power to grant pensions "(1) to the widow of any member of the police force * * * who has died or shall hereafter die, after ten years of service in the police department in the city of Brooklyn, provided such death shall not have been caused by misconduct on his part." Section 355 of the revised Greater New York charter (chapter 466, Laws 1901) provides that "pensions may, in the discretion of the police commissioner, be continued and paid to the widow and children * * * of any member of the police force to whom pensions shall have been granted, * * * and